UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| TERRY BELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No.: 1:08-CV-271 |
| v. ) | |
| ) | Chief Judge Curtis L. Collier |
| CITY OF CHATTANOOGA, TENNESSEE, ) | |
| *et. al.*, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM**

Before the Court is Defendant Main & Mocha's ("MM") motion to dismiss for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff Terry Bell opposes the motion. Having considered Plaintiff's amended complaint and the applicable law, the Court will **GRANT** Defendant's motion (Court File No. 4) and **DISMISS** Main & Mocha.

**I.     RELEVANT FACTS**

Plaintiff filed this case under 42 U.S.C. § 1983 against the City of Chattanooga, Tennessee, three police officers, and MM. The amended complaint asserts the officers acted for the benefit of MM. The specific allegations in the complaint related to MM are that its registered agent for service of process is Shawna Lewis, who is married to Defendant Karl Lewis, who is one of the officers. Karl and Shawna Lewis were riding together in his patrol car when Shawna said she spotted a person who she thought had burglarized MM. The amended complaint alleges Karl Lewis took Shawna Lewis home before returning to the area where they had spotted the suspect. Karl Lewis blocked Plaintiff's path and questioned him. Two other officers arrived, and Plaintiff was handcuffed.

Lewis told Plaintiff it was because "you fit the profile" of a person who "broke into my wife's shop and stole a large sum of money and the computer." Lewis allegedly threatened Plaintiff with physical injury. Plaintiff was taken to MM, where Karl Lewis opened the door and directed Plaintiff down a flight of stairs. Karl Lewis turned on a video of the apparent burglar, and Plaintiff pointed out differences between him and the burglar. An officer allegedly made another threat against Plaintiff's life, and Plaintiff was then released.

Plaintiff asserts his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution were violated. He also asserts intentional and negligent infliction of emotional distress.

## II. STANDARD OF REVIEW

When reviewing a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff, *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998), accept the complaint's factual allegations as true, *Broyde v. Gotham Tower, Inc.*, 13 F.3d 994, 996 (6th Cir. 1994), and determine whether plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (May 21, 2007). In deciding a motion to dismiss, the question is not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support his claims. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002). At the same time, bare assertions of legal conclusions are insufficient, and the "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). Unsupported allegations and legal

conclusions "masquerading as factual conclusions" are not sufficient. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).

## III.   DISCUSSION

Section 1983 allows a person to sue to vindicate the deprivation of constitutional rights.

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983. To establish liability under § 1983, Plaintiff must demonstrate: (1) he was deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under the color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994).

MM contends Plaintiff's case against it should be dismissed because it was not acting under color of law. A plaintiff may not proceed under § 1983 against a private party "no matter how discriminatory or wrongful" the party's conduct. *Tahfs v. Prcotor*, 316 F.3d 584, 590 (6th Cir. 2003) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). However, under some circumstances, a private person acting jointly with state officials may be acting under color of law. *Id.* (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)). A private party may be a state actor if it "acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *Id.* (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).

3

The Sixth Circuit recognizes three tests for determining whether private conduct is fairly attributable to the state: the public function test, the state compulsion test, and the nexus test:

> The public function test requires that the private entity exercise powers which are traditionally exclusively reserved to the state. . . . The state compulsion test requires proof that the state significantly encouraged or somehow coerced the private party, either overtly or covertly, to take a particular action so that the choice is really that of the state. Finally, the nexus test requires a sufficiently close relationship (i.e., through state regulation or contract) between the state and the private actor so that the action taken may be attributed to the state.

*Id.* (citing *Ellison v. Garbarino*, 48 F.3d 192, 194 (6th Cir. 1995)).

Taking the complaint as true and construing it in the light most favorable to Plaintiff, it appears Shawna Lewis was acting on behalf of MM when she pointed towards Plaintiff. There is no indication she worked for a government agency, only that her husband is a police officer. So Plaintiff's allegations related to MM are that someone acting on behalf of MM pointed police to a burglary suspect, and then officers unconstitutionally took that person to MM's premises and made threats against him. Shawna Lewis, the only person identified with MM, was home at the time her husband and the other officers did anything to Plaintiff. There is no indication any owner of employee of MM was involved, other than initially pointing out Plaintiff to an officer.

Considering the three tests for determining whether private conduct is fairly attributable to the state, it is apparent that MM's actions do not qualify as state action. Indeed, it is hard to determine what action MM did that Plaintiff even thinks violated his rights. The public function test does not apply because MM did not exercise powers traditionally reserved exclusively to the state, such as exercising the power of eminent domain or conducting elections. *See Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003). Likewise, the state compulsion test does not apply because the state did not encourage or coerce a private party into doing anything. In this case, a

4

private party indicated a possible suspect to a police officer, but it was the police officer who actually took the action. A request to a police officer, without more, cannot establish a claim against a private actor under § 1983. *Peng v. Hu*, 335 F.3d 970, 980 (9th Cir. 2003). Although police officers brought Plaintiff to MM's building, there is no indication MM was involved or encouraged any of the actions. As for the nexus test, there is no indication of any regulation or agreement between MM and the other defendants to violate Plaintiff's rights. MM may have been the purported beneficiary of Plaintiff being taken into custody, but MM did not do anything.

Liability under § 1983 may also attach to a private entity if it conspired or engaged in concerted action with state actors. *Memphis, Tenn. Area Local, Am. Postal Workers Union v. City of Memphis*, 361 F.3d 898, 905 (6th Cir. 2004). But MM did not "willfully participate in joint action with state agents." *Id.* Nor is there any allegation MM and the officers conspired to harm Plaintiff. *See Tahfs*, 316 F.3d at 592; *Moore v. Paducah*, 890 F.2d 831, 834 (6th Cir. 1989). In short, anything MM did was as a private actor, and any harm inflicted on Plaintiff by MM is not cognizable under § 1983.

Plaintiff also asserts MM is liable for intentional infliction of emotional distress, but MM did not engage in any conduct "so outrageous that it cannot be tolerated by civilized society." *Lourcey v. Estate of Scarlett*, 146 S.W.3d 48, 51 (Tenn. 2004).

## IV. CONCLUSION

For the foregoing reasons, Defendant Main & Mocha's motion to dismiss will be **GRANTED** (Court File No. 4).

An Order shall enter.

**/s/**

**CURTIS L. COLLIER
CHIEF UNITED STATES DISTRICT JUDGE**